STATE OF WEST VIRGINIA

FILED
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALAN STARCHER,**
**Claimant Below, Petitioner**

**vs.)  No. 11-1630**  (BOR Appeal No. 2045931)
                (Claim No. 2009089228)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alan Starcher, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 8, 2011, in which the Board affirmed an April 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 6, 2009, decision denying Mr. Starcher's application for occupational pneumoconiosis benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Starcher began working as a millwright for Alcan Rolled Products in Ravenswood, West Virginia, on May 9, 1994. He initially worked in the casting department of the plant. But on August 6, 1995, he moved to the fabrication department where he worked until 2007, at which time he worked with project maintenance and he moved throughout the plant. On May 22, 2007, Dr. Ahmed diagnosed Mr. Starcher with pneumoconiosis based on x-rays of Mr. Starcher's lungs. On April 22, 2009, Mr. Starcher filed a claim for occupational pneumoconiosis benefits, listing his date of last exposure as June 25, 2007. In the application, Mr. Starcher

1

alleged that he had been exposed to dust and particulates from the date he started working at Alcan Rolled Products through the present. But on August 6, 2009, the claims administrator denied Mr. Starcher's application, stating that Mr. Starcher was not exposed to the hazards of occupational pneumoconiosis for a sufficient period of time to qualify for occupational pneumoconiosis benefits. The claims administrator's decision was affirmed by the Office of Judges on April 12, 2011, and by the Board of Review on November 8, 2011.

In its Order, the Office of Judges concluded that Mr. Starcher did not meet the exposure requirements set out in West Virginia Code § 23-4-1(b) (2008) to be eligible for occupational pneumoconiosis benefits. The Office of Judges concluded that Mr. Starcher did not demonstrate that he was exposed to the hazards of occupational pneumoconiosis for a continuous period of at least two years during the immediately preceding ten years prior to the date of his last exposure. The Office of Judges found that Mr. Starcher did not have two years of continuous exposure because he began working at the Ravenswood plant on May 9, 1994, and was not exposed to the hazards of occupational pneumoconiosis after August 6, 1995. The Office of Judges based this determination on the opinion of Michael Merrifield, Alcan Rolled Products' industrial hygienist. In an affidavit, dated August 8, 2010, Mr. Merrifield stated that he had conducted regular and extensive testing throughout the Ravenswood plant that covered each department in which Mr. Starcher had worked. Mr. Merrifield also stated that his testing complied with OSHA standards. Mr. Merrifield asserted that the Ravenswood plant had been in compliance with OSHA standards for permissible exposure levels from August 7, 1995, to the present. Based on his testing, Mr. Merrifield stated that Mr. Starcher had not been exposed to any abnormal, excessive, or harmful quantities of dust from August 7, 1995, through July 25, 2007. The Office of Judges found Mr. Merrifield's opinion credible under West Virginia Code of State Rules § 85-20-52.2 (2006) and sufficient to demonstrate that Mr. Starcher was not entitled to benefits for exposure to the hazards of occupational pneumoconiosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on November 8, 2011.

We agree with the Order of the Board of Review and the findings of the Office of Judges. The testing conducted by Mr. Merrifield is credible under West Virginia Code of State Rules § 85-20-52.2 and is sufficient to demonstrate that Mr. Starcher was not exposed to the hazards of occupational pneumoconiosis after August 6, 1995. Based on this finding, Mr. Stacher does not meet the requirement in West Virginia Code § 23-4-1(b) because he was not exposed to the hazards of occupational pneumoconiosis for a continuous period of two years in the last ten years prior to his alleged date of last exposure. Since Mr. Starcher did not meet this requirement, he is not entitled to occupational pneumoconiosis benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** September 12, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum